PRERAK SHAH
Deputy Assistant Attorney General
Environment & Natural Resources Division
United States Department of Justice

LEILANI E. DOKTOR,
Trial Attorney, HI Bar No. 11201
United States Department of Justice
Environment & Natural Resources Division
150 M Street NE
Washington, D.C. 20002
Tel.: (202) 305-0447 / Fax: (202) 305-0506
leilani.doktor@usdoj.gov

*Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, SIERRA CLUB, COUNTY OF SANTA CRUZ, and COUNTY OF MONTEREY,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. BUREAU OF LAND MANAGEMENT; DAVID BERNHARDT, in his official capacity as Secretary of the Interior, et al.,<br><br>Defendants. | No. 3:19-cv-07155-JSC<br><br>**DEFENDANTS' ANSWER TO THE FIRST AMENDED COMPLAINT**<br><br>Judge: Honorable Jacqueline Scott Corley<br>Courtroom: E |

Defendants, the United States Bureau of Land Management ("BLM"), and David Bernhardt, in his official capacity as Secretary of the Department of the Interior plead as follows to Plaintiffs' First Amended Complaint ("Complaint"), ECF No. 20. The numbered paragraphs of Defendants' Answer correspond to the numbered paragraphs of the Complaint. Defendants do not respond specifically to the section headings included in the Complaint, but to the extent that those headings expressly or implicitly include substantive legal or factual allegations, Defendants deny the allegations.

## RESPONSE TO INTRODUCTION

1. The first and third sentence of Paragraph 1 of the Complaint characterize Plaintiffs' claims, to which no response is required. To the extent a response is required, Defendants deny the allegations in the first and third sentence of Paragraph 1 of the Complaint. The second sentence of Paragraph 1 of the Complaint purports to characterize the BLM Central Coast Field Office's Proposed Resource Management Plan Amendment and Final Environmental Impact Statement ("RMPA/EIS"), which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with its plain language, meaning, and context and deny the alleged violations of law.

2. In response to Paragraph 2 of the Complaint, Defendants admit that the Record of Decision ("ROD") for the RMPA/EIS was signed on October 4, 2019. The remaining allegations of Paragraph 2 of the Complaint characterize Plaintiff's claims, to which no response is required. To the extent a response is required, Defendants deny the remaining allegations in Paragraph 2 of the Complaint.

3. Paragraph 3 of the Complaint purports to characterize the RMPA/EIS, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with its plain language, meaning, and context.

4. Paragraph 4 of the Complaint characterizes Plaintiffs' claims, to which no response is required. To the extent a response is required, Defendants deny the allegations.

5. Paragraph 5 of the Complaint characterizes Plaintiffs' claims, to which no response is required. To the extent a response is required, Defendants deny the allegations.

## RESPONSE TO JURISDICTION AND VENUE

6. Paragraph 6 of the Complaint consists of conclusions of law to which no response is required.

7. Paragraph 7 of the Complaint consists of conclusions of law to which no response is required. Defendants deny that they have violated the law.

8. The allegations of the first sentence of Paragraph 8 of the Complaint characterize Plaintiffs' claims, to which no response is required. To the extent a response is required, Defendants deny the allegations. The second sentence of Paragraph 8 of the Complaint consists of conclusions of law to which no response is required.

9. Paragraph 9 of the Complaint consists of conclusions of law to which no response is required.

## RESPONSE TO INTRADISTRICT ASSIGNMENT

10. Paragraph 10 of the Complaint consists of conclusions of law to which no response is required.

## RESPONSE TO PARTIES

11. Defendants lack the knowledge or information sufficient to either admit or deny the allegations of Paragraph 11 of the Complaint.

12. Defendants lack the knowledge or information sufficient to either admit or deny the allegations of Paragraph 12 of the Complaint.

13. Defendants lack the knowledge or information sufficient to either admit or deny the allegations of Paragraph 13 of the Complaint.

14. The first sentence of Paragraph 14 of the Complaint consists of conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations. In response to the second sentence of Paragraph 14, Defendants admit that Plaintiffs submitted comments on the Draft RMPA/EIS and submitted an administrative protest against the RMPA/EIS. The remaining allegations of the second sentence of Paragraph 14 of the Complaint are vague and ambiguous and lack necessary context to form a response; Defendants therefore lack sufficient information to either admit or deny the allegations.

15. Defendants lack the knowledge or information sufficient to either admit or deny the allegations of the first, second, fourth, and fifth sentence of Paragraph 15 of the Complaint. The third sentence of Paragraph 15 of the Complaint consists of conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations. The sixth sentence of Paragraph 15 of the Complaint purports to characterize the RMPA/EIS, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with its plain language, meaning, and context, Defendants deny those allegations.

16. The first and second sentence of Paragraph 16 of the Complaint consist of conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations. In response to the third sentence of Paragraph 16, Defendants admit that Santa Cruz County submitted comments on the Draft RMPA/EIS and submitted an administrative protest against the RMPA/EIS. Otherwise, the allegations in Paragraph 16 of the Complaint are vague and ambiguous and lack necessary context to form a response; Defendants therefore lack sufficient information to either admit or deny the allegations.

17. Defendants lack the information sufficient to either admit or deny the allegations in the first, second, third and fourth sentences of Paragraph 17 of the Complaint. The fifth and sixth sentences of Paragraph 17 of the Complaint consist of conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

18. The first and second sentence of Paragraph 18 of the Complaint consist of conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations. In response to the third sentence of Paragraph 18, Defendants admit that Monterey County submitted an administrative protest against the RMPA/EIS. The remaining allegations in Paragraph 18 of the Complaint are vague and ambiguous and lack necessary context to form a response; Defendants therefore lack sufficient information to either admit or deny the allegations.

19. The first sentence of Paragraph 19 of the Complaint characterizes Plaintiffs' claims, to which no response is required. To the extent a response is required, the allegations are denied. The second sentence of Paragraph 19 of the Complaint consists of conclusions of law to which no response is required. To the extent a response is required, Defendants deny the

allegations. The third and fourth sentences of Paragraph 19 of the Complaint are vague and ambiguous and lack necessary context to form a response; Defendants therefore lack sufficient information to either admit or deny the allegations.

20. Paragraph 20 of the Complaint consists of conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

21. Paragraph 21 of the Complaint consists of conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

22. Defendants admit the allegations in Paragraph 22 of the Complaint that the BLM is an agency within the United States Department of the Interior responsible for managing federal lands and the federal government's onshore subsurface mineral estate, including the land and mineral estate that is subject of the Central Coast Plan.

23. In response to Paragraph 23, Defendants admit that David Bernhardt is the Secretary of the United States Department of the Interior. The remaining allegations of Paragraph 23 of the Complaint consist of conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

## RESPONSE TO LEGAL BACKGROUND

**A.  Federal Land Policy and Management Act**

24. Paragraph 24 of the Complaint purports to characterize the Federal Land Management and Policy Act ("FLPMA"), 43 U.S.C. § 1701(a)(8), which speaks for itself and is the best evidence of its contents. Defendants deny any allegation contrary to its plain language, meaning, and context.

25. The first sentence of Paragraph 25 of the Complaint purports to characterize FLPMA, 43 U.S.C. § 1712, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation contrary to its plain language, meaning, and context. The second sentence of Paragraph 25 of the Complaint is vague and ambiguous and lack necessary context to form a response; Defendants therefore lack sufficient information to either admit or deny the allegations. To the extent Paragraph 25 purports to characterize the BLM Land Use Planning Handbook, H-1601-1, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation contrary to its plain language, meaning, and context.

26. Paragraph 26 of the Complaint purports to characterize FLPMA, 43 U.S.C. § 1712(c), and its implementing regulation, 43 C.F.R. § 1610.5-3(a), which speak for themselves and are the best evidence of their contents. Defendants deny any allegation contrary to their plain language, meaning, and context.

27. Paragraph 27 of the Complaint purports to characterize FLPMA, 43 U.S.C. § 1712(c), and its implementing regulation, 43 C.F.R. § 1610.3-1, which speak for themselves and are the best evidence of their contents. Defendants deny any allegation contrary to their plain language, meaning, and context.

28. Paragraph 28 of the Complaint purports to characterize FLPMA and its implementing regulation, 43 C.F.R. § 1610.3-1(b), which speak for themselves and are the best evidence of their contents. Defendants deny any allegation contrary to their plain language, meaning, and context.

29. Paragraph 29 of the Complaint is vague and ambiguous and lacks necessary context to form a response; Defendants therefore lack sufficient information to either admit or deny the allegations. To the extent Paragraph 29 intends to characterize FLPMA, FLPMA speaks for itself and is the best evidence of its contents. Defendants deny any allegation contrary to its plain language, meaning, and context.

30. Paragraph 30 of the Complaint purports to characterize FLPMA's implementing regulation, 43 C.F.R. § 1601.0-6, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation contrary to its plain language, meaning, and context.

### B. The National Environmental Policy Act

31. The first sentence of Paragraph 31 of the Complaint purports to characterize Council on Environmental Quality ("CEQ") regulation, 40 C.F.R. § 1500.1(a), which speaks for itself and is the best evidence of its contents. Defendants deny any allegation contrary to its plain language, meaning, and context. The second, third, and fourth sentences purport to characterize the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321, 4331(b), which speaks for itself and is the best evidence of its contents. Defendants deny any allegation contrary to its plain language, meaning, and context.

32. Paragraph 32 of the Complaint purports to characterize NEPA, 42 U.S.C. § 4332(2)(C)(i), which speaks for itself and is the best evidence of its contents. Defendants deny any allegation contrary to its plain language, meaning, and context.

33. The first sentence of Paragraph 33 of the Complaint purports to characterize NEPA, 42 U.S.C. § 4332(2)(C)(ii), (iii), which speaks for itself and is the best evidence of its contents. Defendants deny any allegation contrary to its plain language, meaning, and context. The second sentence purport to characterize CEQ regulations, 40 C.F.R. §§ 1508.7, 1508.8, which speak for themselves and are the best evidence of their contents. Defendants deny any allegation contrary to their plain language, meaning, and context.

34. Paragraph 34 of the Complaint purports to characterize CEQ regulations, 40 C.F.R. §§ 1502.16(c), (d), which speak for themselves and are the best evidence of their contents. Defendants deny any allegation contrary to their plain language, meaning, and context.

35. Paragraph 35 of the Complaint purports to characterize CEQ regulations, 40 C.F.R. §§ 1502.22(b)(1), 1502.9(b), and 1502.24, which speak for themselves and are the best evidence of their contents. Defendants deny any allegation contrary to their plain language, meaning, and context.

36. Paragraph 26 of the Complaint purports to characterize CEQ regulation, 40 C.F.R. § 1500.2(d), which speaks for itself and is the best evidence of its contents. Defendants deny any allegation contrary to its plain language, meaning, and context.

37. Paragraph 27 of the Complaint purports to characterize FLPMA and NEPA, which speak for themselves and are the best evidence of their contents. Defendants deny any allegation contrary to their plain language, meaning, and context.

**C.     The Administrative Procedure Act**

38. Paragraph 38 of the Complaint purports to characterize the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706, which speak for itself and is the best evidence of its contents. Defendants deny any allegation contrary to their plain language, meaning, and context.

39.     Paragraph 39 of the Complaint purports to characterize the APA, 5 U.S.C. § 706(2), which speaks for itself and is the best evidence of its contents. Defendants deny any allegation contrary to its plain language, meaning, and context.

40.     Paragraph 40 of the Complaint purports to characterize the APA, 5 U.S.C. § 706(1), which speaks for itself and is the best evidence of its contents. Defendants deny any allegation contrary to its plain language, meaning, and context.

## RESPONSE TO FACTUAL AND PROCEDURAL BACKGROUND

**A.     The Central Coast Field Office Planning Area**

41.     The first sentence of Paragraph 41 of the Complaint is vague and ambiguous, given the use of the imprecise term "administrative geographic subdivision," and lacks necessary context to form a response; Defendants therefore lack sufficient information to either admit or deny the allegations. Defendants admit the allegations of the second and third sentences of Paragraph 41 of the Complaint.

42.     Paragraph 42 of the Complaint is vague and ambiguous, and lacks necessary context to form a response; Defendants therefore lack sufficient information to either admit or deny the allegations.

43.     In response to the first sentence of Paragraph 43 of the Complaint, Defendants admit that the CCFO Planning Area includes the Panoche-Coalinga Area of Critical Environmental Concern ("ACEC"). The remainder of the first sentence of Paragraph 43 is vague, and ambiguous, and lacks necessary context to form a response; Defendants therefore lack sufficient information to either admit or deny the allegations. The second sentence of Paragraph 43 is vague, and ambiguous, and lacks necessary context to form a response; Defendants therefore lack sufficient information to either admit or deny the allegations.

44.     Paragraph 44 of the Complaint is vague and ambiguous, and lacks necessary context to form a response; Defendants therefore lack sufficient information to either admit or deny the allegations.

45.     The first sentence of Paragraph 45 of the Complaint is vague and ambiguous, and lacks necessary context to form a response; Defendants therefore lack sufficient information to either admit or deny the allegations. In response to the second sentence of Paragraph 45,

Defendants aver that, as of the date of the RMPA/EIS, May 9, 2019, of the 66 groundwater basins and subbasins that overlap with the CCFO Planning Area, 20 contain federal mineral estate and, that of these 20 basins, four (4) are included on the California Department of Water Resources ("CDWR") List of Critically Overdrafted Ground Water Basins, January 2016.

46. The first sentence of Paragraph 46 of the Complaint is vague and ambiguous, and lacks necessary context to form a response; Defendants therefore lack sufficient information to either admit or deny the allegations. Defendants admit that the San Andreas Fault runs through the Planning Area. The remaining allegations in the second sentence of Paragraph 46 is vague and ambiguous, and lacks necessary context to form a response; Defendants therefore lack sufficient information to either admit or deny the allegations. The third sentence of Paragraph 46 of the Complaint is vague and ambiguous, and lacks necessary context to form a response; Defendants therefore lack sufficient information to either admit or deny the allegations.

**B.     The Impacts of Oil and Gas Production**

47. Defendants admit the allegations of the first sentence of Paragraph 47 of the Complaint that, as of the date of the RMPA/EIS, May 9, 2019, the Central Coast Planning Area contained 35 active oil fields and gas fields and a total of 4,292 producing and service wells. Defendants admit that hydraulic fracturing is an "enhanced oil recovery technique." The remaining allegations in Paragraph 47 of the Complaint are vague and ambiguous, and lack necessary context to form a response; Defendants therefore lack sufficient information to either admit or deny the allegations.

48. Defendants admit that steam injection is an "enhanced oil recovery technique." The remaining allegations in Paragraph 48 of the Complaint are vague and ambiguous, and lack necessary context to form a response; Defendants therefore lack sufficient information to either admit or deny the allegations.

49. Defendants admit that water flooding is an "enhanced oil recovery technique." The remaining allegations in Paragraph 49 of the Complaint are vague and ambiguous, and lack necessary context to form a response; Defendants therefore lack sufficient information to either admit or deny the allegations.

50. Paragraph 50 of the Complaint is vague and ambiguous, and lacks necessary context to form a response; Defendants therefore lack sufficient information to either admit or deny the allegations. Defendants deny that hydraulic fracturing techniques free up oil to flow to the surface.

51. Paragraph 51 of the Complaint is vague and ambiguous, and lacks necessary context to form a response; Defendants therefore lack sufficient information to either admit or deny the allegations.

52. Defendants admit that the Coalinga oil and gas field and the San Ardo oil and gas field are located in the Planning Area. The remaining allegations of Paragraph 52 of the Complaint are vague and ambiguous, and lack necessary context to form a response; Defendants therefore lack sufficient information to either admit or deny the allegations.

53. Paragraph 53 of the Complaint is vague and ambiguous, and lacks necessary context to form a response; Defendants therefore lack sufficient information to either admit or deny the allegations.

54. Paragraph 54 of the Complaint is vague and ambiguous, and lacks necessary context to form a response; Defendants therefore lack sufficient information to either admit or deny the allegations.

55. Defendants admit oil and gas production can result in the release of air pollutants including nitrogen oxides, sulfur dioxide, particulate matter and volatile organic compounds. Defendants admit that oil and gas production can produce carbon dioxide and methane. The remaining allegations of the second and third sentences of Paragraph 55 of the Complaint are vague and ambiguous, and lack necessary context to form a response; Defendants therefore lack sufficient information to either admit or deny the allegations.

56. Paragraph 56 of the Complaint is vague and ambiguous, and lacks necessary context to form a response; Defendants therefore lack sufficient information to either admit or deny the allegations.

### C. BLM's Resource Management Plan Amendment

57. Paragraph 59 of the Complaint purports to characterize the RMP Amendment, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation contrary to its plain language meaning and context.

58. Defendants admit the allegations of Paragraph 58.

59. Paragraph 59 of the Complaint purports to characterize the Draft RMPA/EIS, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation contrary to its plain language meaning and context.

60. Paragraph 60 of the Complaint purports to characterize the Draft RMPA/EIS, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation contrary to its plain language meaning and context.

61. Paragraph 61 of the Complaint purports to characterize the Draft RMPA/EIS, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation contrary to its plain language meaning and context.

62. Defendants admit that Santa Cruz County submitted comments on March 28, 2017. Defendants admit that Environmental Plaintiffs, CBD and Sierra Club, submitted comments on the Draft RMPA/EIS on April 6, 2017. Defendants deny that CBD submitted supplemental comments on November 20, 2018, and December 14, 2018 and aver that CBD submitted supplemental comments on June 1, 2017, November 21, 2018, and December 17, 2018. The third sentence of Paragraph 62 of the Complaint purports to characterize Plaintiffs' comments on the Draft RMPA/EIS which speak for themselves and are the best evidence of their contents. Defendants deny any allegation contrary to their plain language, meaning and context.

63. Defendants admit the allegations of the first sentence of Paragraph 63 of the Complaint. The second and third sentences of Paragraph 63 of the Complaint purport to characterize the RMPA/EIS, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation contrary to its plain language, meaning and context.

64. Paragraph 64 of the Complaint purports to characterize the RMPA/EIS, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation contrary to its plain language, meaning and context.

65. Paragraph 65 of the Complaint purports to characterize the RMPA/EIS, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation contrary to its plain language, meaning and context.

66. Paragraph 66 of the Complaint purports to characterize the RMPA/EIS, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation contrary to its plain language, meaning and context.

67. Paragraph 67 of the Complaint purports to characterize the RMPA/EIS, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation contrary to its plain language, meaning and context.

68. Defendants deny the allegations of Paragraph 68.

69. Paragraph 69 of the Complaint purports to characterize the RMPA/EIS, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation contrary to its plain language, meaning, and context.

70. In response to the first sentence of Paragraph 70, Defendants admit that Monterey County filed a protest on June 4, 2019, Santa Cruz County filed a protest in June 5, 2019 and Environmental Plaintiffs filed a protest on June 7, 2019. The remaining allegations in the first sentence of Paragraph 70 are conclusions of law to which no response is required. The allegations of the second sentence of Paragraph 70 of the Complaint purport to characterize Plaintiffs' protests, which speak for themselves and are the best evidence of their contents. Defendants deny any allegation contrary to the plain language, meaning, and context of Plaintiffs' protests.

71. In response to Paragraph 71, Defendants admit that BLM dismissed or denied Plaintiffs' protests and issued the ROD on October 4, 2019. The remaining allegations of Paragraph 71 of the Complaint purport to characterize BLM's Protest Resolution Report, ROD, RMPA/EIS, which speak for themselves and are the best evidence of their contents. Defendants deny any allegation contrary to their plain language, meaning, and context.

# FIRST CLAIM FOR RELIEF

### [Violation of NEPA and APA: Failure to Identify Alternatives]

72. Defendants incorporate their responses to the preceding paragraphs as realleged and incorporated by reference in Paragraph 72 of the Complaint.

73. Paragraph 73 of the Complaint purports to characterize NEPA, 42 U.S.C. § 4332(C), which speaks for itself and is the best evidence of its contents. Defendants deny any allegation contrary to its plain language, meaning, and context.

74. Paragraph 74 of the Complaint consists of conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

75. Paragraph 75 of the Complaint purports to characterize CEQ regulations, 40 C.F.R. §§ 1502.14 and 1502.4(a), which speak for themselves and are the best evidence of their contents. Defendants deny any allegation contrary to their plain language, meaning, and context.

76. The first sentence of Paragraph 76 of the Complaint consists of conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied. Defendants deny the allegations of the second and third sentences of Paragraph 76.

77. Paragraph 77 of the Complaint consists of conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

78. Paragraph 78 of the Complaint consists of conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

79. Paragraph 79 of the Complaint consists of conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

# SECOND CLAIM FOR RELIEF

### [Violation of NEPA and APA: Failure to Analyze Environmental Impacts]

80. Defendants incorporate their responses to the preceding paragraphs as realleged and incorporated by reference in Paragraph 80 of the Complaint.

81. The first and second sentences of Paragraph 81 of the Complaint purport to characterize NEPA, 42 U.S.C. § 4332(C), and CEQ regulations, 40 C.F.R. §§ 1502.1, 1502.16, 1508.7, 1508.8, which speak for themselves and are the best evidence of their contents. Defendants deny any allegation contrary to their plain language, meaning, and context. The third

sentence of Paragraph 81 of the Complaint purports to characterize *Oregon Natural Resources Council Fund v. Brong*, 492 F.3d 1120, 1132 (9th Cir. 2007), which speaks for itself and is the best evidence of its contents. Defendants deny any allegation contrary to its plain language, meaning, and context.

82. Defendants deny the allegations of Paragraph 82 of the Complaint.

83. Paragraph 83 of the Complaint consists of conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

## THIRD CLAIM FOR RELIEF

### [Violation of NEPA: Failure to Prepare a Supplemental EIS]

84. Defendants incorporate their responses to the preceding paragraphs as realleged and incorporated by reference in Paragraph 84 of the Complaint.

85. Paragraph 85 of the Complaint purports to characterize a CEQ regulation, 40 C.F.R. § 1502.9(c), which speaks for itself and is the best evidence of its contents. Defendants deny any allegation contrary to its plain language, meaning, and context.

86. Paragraph 86 of the Complaint purports to characterize *California v. Block*, 690 F.2d 753, 772 (9th Cir. 1982), which speaks for itself and is the best evidence of its contents. Defendants deny any allegation contrary to its plain language, meaning, and context.

87. Defendants admit that the October 4, 2019 ROD adopted Alternative F. The remaining allegations in Paragraph 87 are vague and ambiguous and lack necessary context to form a response; Defendants therefore lack sufficient information to either admit or deny the allegations.

88. Paragraph 88 of the Complaint consists of conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

89. Paragraph 89 of the Complaint consists of conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

90. Paragraph 90 of the Complaint consists of conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

## FOURTH CLAIM FOR RELIEF

### [Violation of NEPA and APA: Failure to Discuss Conflict and Inconsistencies]

91. Defendants incorporate their responses to the preceding paragraphs as realleged and incorporated by reference in Paragraph 91 of the Complaint.

92. Paragraph 92 of the Complaint purports to characterize CEQ regulation, 40 C.F.R. § 1502.16(c), which speaks for itself and is the best evidence of its contents. Defendants deny any allegation contrary to its plain language, meaning, and context.

93. Paragraph 93 of the Complaint purports to characterize CEQ regulation, 40 C.F.R. § 1506.2(d), which speaks for itself and is the best evidence of its contents. Defendants deny any allegation contrary to its plain language, meaning, and context.

94. The first sentence of Paragraph 94 of the Complaint purports to characterize *Yount v. Salazar*, 2013 U.S. Dist. LEXIS 2673, [WL] at *47.which speaks for itself and is the best evidence of its contents. Defendants deny any allegation contrary to its plain language, meaning, and context. The second sentence of Paragraph 94 of the Complaint purports to characterize *City of Sausalito v. O'Neill*, 386 F.3d 1186, 1197 (9th Cir. 2004), which speaks for itself and is the best evidence of its contents. Defendants deny any allegation contrary to its plain language, meaning, and context.

95. Paragraph 95 of the Complaint consists of conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

## FIFTH CLAIM FOR RELIEF

### [Violation of NEPA and APA: Failure to Coordinate]

96. Defendants incorporate their responses to the preceding paragraphs as realleged and incorporated by reference in Paragraph 96 of the Complaint.

97. Paragraph 97 of the Complaint purports to characterize FLPMA and its implementing regulations, 43 C.F.R. § 1610.3-1, which speak for themselves and are the best evidence of their contents. Defendants deny any allegation contrary to its plain language, meaning, and context.

98. Paragraph 98 of the Complaint purports to characterize *Yount*, 2013 U.S. Dist. LEXIS 2673, [WL] at *48, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation contrary to its plain language, meaning, and context.

99. Paragraph 99 of the Complaint consists of conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

## PRAYER FOR RELIEF

The remaining Paragraphs of Plaintiffs' Complaint set forth Plaintiffs' requests for relief and do not require a response. To the extent a response is necessary, Defendants deny that Plaintiffs are entitled to any relief.

## GENERAL DENIAL

Defendants deny any allegations of the Complaint, express or implied, that are not expressly admitted, denied, or qualified in the foregoing paragraphs.

## AFFIRMATIVE DEFENSES

1. Plaintiffs lack standing to pursue some or all of its claims.
2. This Court lacks subject matter jurisdiction over some or all of the claims.
3. The Complaint fails in whole or in part to state a claim upon which relief can be granted.
4. Defendants reserve the right to assert such affirmative defenses that may appear applicable during the course of this litigation.

WHEREFORE, Federal Defendants deny that Plaintiffs are entitled to the requested relief, or to any relief whatsoever, and request that this action be dismissed, that judgment be entered for Defendants, and that the Court order such further relief as the Court deems appropriate.

Respectfully submitted this 25th day of February, 2020.

PRERAK SHAH
Acting Deputy Assistant Attorney General
Environment & Natural Resources Division
United States Department of Justice

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT
*Center for Biological Diversity v. U.S. BLM,* No. 3:19-cv-07155

*/s/ Leilani Doktor*
LEILANI E. DOKTOR,
Trial Attorney, HI Bar No. 11201
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
150 M Street NE
Washington, D.C. 20002
Tel.: (202) 305-0447
Fax: (202) 305-0506
leilani.doktor@usdoj.gov

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2020, a copy of the foregoing was served by electronic means on all counsel of record by the Court's CM/ECF system.

/s/ *Leilani E. Doktor*
LEILANI E. DOKTOR